[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 10186
This application for a temporary injunction involves whether a surety on a performance bond is bound by an arbitration clause in a contract between a general contractor and its subcontractor. The owner's general contractor is the defendant, Structural Preservation Systems, Inc. (SPS, Inc.). The subcontractor is Grasso Construction Company (Grasso). SPS, Inc. hired Grasso for paving and concrete work in connection with a construction project at the First Stamford Place Plaza in Stamford. The subcontract between SPS, Inc. and Grasso, which is dated September 1, 1994, provided that "any controversy or claim" between SPS, Inc. and Grasso would be arbitrable by the American Arbitration Association.
On October 11, 1994, The Netherlands Insurance Company, of Keene, New Hampshire, as surety, furnished a subcontract performance bond in the amount of $673,572. The bond, in which Grasso is the principal, and the defendant is the obligee, obliges the surety, if the principal is in default, to pay for the reasonable cost of completing the subcontract. The plaintiff, Peerless Insurance Company, also of Keene, is the successor and assignee of the Netherlands Insurance Company.
Neither the plaintiff nor its assignor signed the subcontract between the defendant and Grasso, and the issue is whether the plaintiff as surety is bound to comply with the arbitration clause in the subcontract. The defendant filed a demand for arbitration regarding the obligations of the plaintiff with respect to the performance bond. Despite the plaintiff's opposition, the American Arbitration Associated accepted the case and plans to proceed. The plaintiff now seeks to enjoin such arbitration.
Although agreeing that neither the plaintiff nor its assignor signed the subcontract calling for arbitration of disputes between the defendant and Grasso, the defendant opposes the granting of a temporary injunction on the theory that the performance bond "explicitly incorporates by reference" the subcontract because the bond refers to the subcontract with Grasso ("which subcontract is by reference made a part hereof, and CT Page 10187 is hereafter referred to as the subcontract.") The defendant also claims that the plaintiff is bound by the arbitration clause because it exercised its right as assignee of the subcontract with Grasso and is therefore bound by the subcontract's arbitration provision.
Although involving a guarantor rather than a surety, as in the present action, certainly Scinto v. Sosin, 51 Conn. App. 222, 721 A.2d 552
(1998), cert. denied, 247 Conn. 963, 724 A.2d 1125 (1999), sets forth the guiding principles for the resolution of this controversy. The Appellate Court determined in Scinto that: (1) arbitration rather than litigation is favored in this state but that one who has not agreed to arbitration may not be forced to do so. Id., 227; (2) unless the parties have made clear their intent to arbitrate the question of arbitrability, the determination of arbitrability is a function of the court. Id., 228; (3) even a broad arbitration clause does not prevent jurisdiction of a court to decide the question of arbitrability, because it is the intent to arbitrate the issue of arbitrability that controls. Id., 230; (4) generally, unless one is a signatory to a contract containing an arbitration clause, a guarantor is not bound to arbitrate. Id., 231; (5) arbitration should be ordered unless it can be said with "positive assurance" that the arbitration clause in question does not require arbitration and any doubt should be resolved in favor of arbitration. Id., 231-32; (6) arbitration should be ordered if the guarantee and the contract are "inextricably interwoven." Id., 233; (7) an important inquiry is whether the guarantee clause references arbitration because "arbitration is a creature of contract and, barring an unambiguous finding that the parties agreed to arbitrate, they will not be forced to do so." Id., 235-36; (8) a nonsignatory to an agreement to arbitrate may still be obliged to arbitrate if the guaranty "explicitly" incorporates the agreement by reference. Id., 236; (9) a nonsignatory is bound to arbitrate if the interests of the parties are "directly related" as with a landlord and a tenant or the beneficiary of a party to a retirement plan involving an employer and its employees. Id., 236-37; and (10) a court may issue an injunction preventing arbitration because both irreparable harm and unavailability of an adequate remedy of law are implicated where one who did not agree to arbitrate is forced to do so. Id., 245-47.
Based on the reasoning of Scinto, the request for a temporary injunction enjoining arbitration as it relates to the performance bond furnished by the plaintiffs assignor is granted because the court finds with "positive assurance" that neither such assignor nor the plaintiff contracted to or intended to be bound by arbitration. They did not sign the subcontract that referred to arbitration between the general contractor and the subcontractor. The performance bond, although referring to the subcontract, did not make any specific reference CT Page 10188 involving agreeing to arbitrate.
Thus, a temporary injunction, as authorized by General Statutes §52-471, enjoining the arbitration by the American Arbitration Association regarding the plaintiffs obligations under the subcontract performance bond, is granted. of course, the defendant is entitled to a hearing on a permanent injunction involving arbitration, which could result in an entirely different result, but this court believes that, at this stage of the proceedings, a temporary injunction enjoining arbitration is warranted.
So Ordered.
 Dated at Stamford, Connecticut, this 16 day of August, 2000. William B. Lewis, Judge